## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON L. SIMON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
| THE WALMAN OPTICAL COMPANY, | ) |
| Defendant. | ) |

### COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Sharon L. Simon, by her attorney, Charles A. Merchant, Esquire, and Merchant & Kay, LLC, filing this Complaint in Civil Action against the Defendant alleging as follows:

1. The Plaintiff, Sharon L. Simon, is an adult individual and currently resides at 119 Cobbler Circle, Pittsburgh, Allegheny County, Pennsylvania 15212.

2. The Defendant, The Walman Optical Company, is a corporation which provides its employees with Group Long Term Disability Insurance. It has offices located at 801 12th Ave. N., Minneapolis, MN 55411, and conducts extensive business throughout the Commonwealth of Pennsylvania and in Allegheny County, Pennsylvania.

3. This action is authorized and jurisdiction is vested pursuant to the Employee Retirement Income Security Act ("ERISA") of 1974 (as amended), 29 U.S.C. § 1001 et. seq., including ERISA § 502, 29 U.S.C. § 1132, to recover benefits due and to enforce rights under the terms of a long-term disability plan.

4. Venue is granted this Honorable Court by virtue of 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this judicial district.

5. The Plaintiff was previously employed by the Defendant as a Regional Manager responsible for meeting sales and profit objectives in the optical industry, and during which time she was covered by a Group Long Term Disability Insurance Plan ("LTD plan"). Plaintiff's work required frequent long distance driving, frequent air travel and frequent reading of a cell phone, computer and paperwork.

6. The LTD plan was established and is maintained by Defendant, and Defendant serves as the Plan Administrator with the authority to control and manage the operation and administration of the LTD plan.

7. Plaintiff was unable to perform with reasonable continuity the material duties of her job after April 7, 2015, due to medical disabilities including, but not limited to, complete loss of vision in her right eye, advancing loss of vision in her left eye, glaucoma, acute atopic conjunctivitis and dry eye syndrome.

8. As a result of her disabilities, Plaintiff ceased employment with Defendant on or around April 7, 2015 and was paid short-term disability benefits during the period beginning April 7, 2015 through July 6, 2015.

9. The Plaintiff was eligible for coverage under the LTD plan as of July 7, 2015 when her 90 day waiting period expired after her employment with Defendant ceased on or around April 7, 2015.

10. Plaintiff filed a timely application under the LTD plan and was initially rejected for benefits on or about August 16, 2015. After appeal to the LTD plan's

Administrative Review Unit, Plaintiff was again rejected for benefits on or about May 4, 2016 and advised of her right to file suit under Section 502(a) of ERISA.

11.   In accordance with the requirements of the Plan, Plaintiff has submitted all of the requisite medical documentation and proof of loss to show that she is unable to perform with reasonable continuity the material duties of her own occupation.

12.   Based on the terms of the LTD plan, the Plaintiff is entitled to benefits on a monthly basis commencing July 7, 2015.

13.   Plaintiff has exhausted her administrative appeals.

14.   The denial of long-term disability benefits under the LTD plan was illegal and unreasonable.

15.   Defendant has breached its obligations to Plaintiff under the LTD plan by failing to provide benefits under the plan.

16.   Defendant has acted in an arbitrary and capricious manner in rejecting evidence and failing to consider evidence of Plaintiff's disability.  Defendant's arbitrary and capricious actions include, but are not limited to, reliance on the opinion of a non-treating physician which is contrary to the opinion of both of Plaintiffs treating physicians without requesting any form of an independent medical exam, and reliance on subjective inferences arising from omissions in medical records, rather than requesting follow up information from Plaintiff or her treating physicians.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

a. For recovery of the benefits due under the terms of the plan;

b. For the enforcement of Plaintiffs long-term disability rights;

c. For prejudgment interest on sums currently due;

d. For the costs and disbursements incurred in bringing this action;

e. For reasonable attorney fees; and

f. For further relief as the Court deems just and proper.

Respectfully submitted,

MERCHANT & KAY, LLC

/s/ Charles A. Merchant
PA I.D. #52712
Attorney for Plaintiff, Sharon L. Simon

PA I.D. #52712
300 Mt. Lebanon Blvd.
Suite 220A
Pittsburgh, PA  15234

(412) 942-0770 (Phone)
(412) 942-0774 (Fax)

Email:  merchant@mmklegal.com

Firm #510